UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rebecca Castillo, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:17-CV-841 |
| | : | |
| v. | : | Chief Judge Edmund A. Sargus |
| | : | |
| White Castle Management Company, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendant. | : | |

**ANSWER AND DEFENSES OF DEFENDANT WHITE CASTLE
MANAGEMENT COMPANY TO PLAINTIFF'S COMPLAINT**

For its Answer to Plaintiff's Complaint, Defendant White Castle Management Company ("White Castle"), hereby states the following:

**ANSWER**

1. White Castle denies the allegations in Paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

2. White Castle denies the allegations in Paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

3. White Castle denies the allegations in Paragraph 3 of the Complaint, except to admit that it operates a website, www.whitecastle.com.

4. White Castle denies the allegations in Paragraph 4 of the Complaint.

5. White Castle denies the allegations in Paragraph 5 of the Complaint.

6. White Castle denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges claims under

1

Title III of the Americans with Disabilities Act (ADA) and denies the remaining allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle admits the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 10 of the Complaint as it relates to the Northern District of Ohio but admits the allegations in Paragraph 10 as it relates to this Court.

11. White Castle denies the allegations in Paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

12. White Castle admits that its headquarters is located in Columbus, Ohio; denies the remaining allegations in Paragraph 12 of the Complaint; and avers that related entity White Castle System, Inc. operates restaurants.

13. White Castle admits that its mobile app and website facilitate online ordering for pick up, searches for locations, learning about product information, and learning about discount offers and deny the remaining allegations in Paragraph 13 of the Complaint.

14. White Castle denies the allegations in Paragraph 14 of the Complaint.

15. White Castle denies the allegations in Paragraph 15 of the Complaint.

16. White Castle admits that the Internet is used for information, conducting business, and shopping, learning, banking, researching, and other activities and denies the remaining allegations in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

17. White Castle denies the allegations in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

18. White Castle denies the allegations in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

19. White Castle denies the allegations in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

20. White Castle denies the allegations in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

21. White Castle denies the allegations in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

22. White Castle denies the allegations in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

23. Paragraph 23 of the Complaint states legal conclusions and/or quotes federal law to which no response is required. To the extent a response is required, White Castle admits that Plaintiff has accurately quoted the ADA and its implementing regulations and denies the remaining allegations on Paragraph 23 as it pertains to White Castle's website and mobile app and other websites and mobile applications.

24. White Castle denies the allegations in Paragraph 24 of the Complaint.

25. White Castle denies that it is on notice of any general mandate in the ADA applicable to websites and states that the remaining allegations in Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, White Castle denies that the ADA applies to websites and denies the remaining allegations in Paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. White Castle denies the allegations in Paragraph 26 and 26 (a)-(q) of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

27. White Castle admits the allegations in Paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, it is unclear what is meant by "should allow," and therefore, White Castle denies the allegations in Paragraph 28 of the Complaint. White Castle avers that consumers can locate physical locations where its products may be purchased, browse its menu, and order food for pick up at its locations through its website and mobile app.

29. In response to Paragraph 29 of the Complaint, it is unclear what is meant by "should allow," and therefore, White Castle denies the allegations in Paragraph 29 of the Complaint. White Castle avers that consumers can locate physical locations where its products may be purchased, browse its menu, order food for pick up at its locations, learn about products, and learn about sales and offers through its website and mobile app.

30. White Castle denies the allegations in Paragraph 30 of the Complaint.

31. White Castle denies the allegations in Paragraph 31 of the Complaint.

32. White Castle denies the allegations in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

33. White Castle denies the allegations in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

34. White Castle denies the allegations in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

35. White Castle denies the allegations in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

36. White Castle denies the allegations in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

37. White Castle denies the allegations in Paragraph 37 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions.

38. White Castle denies the allegations in Paragraph 38 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions.

39. White Castle denies the allegations in Paragraph 39 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions and thought processes.

40. White Castle denies the allegations in Paragraph 40 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions and thought processes.

41. White Castle denies the allegations in Paragraph 41 and 41(a)-(e) of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions and thought processes.

42. White Castle denies the allegations in Paragraph 42 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions.

43. White Castle denies the allegations in Paragraph 43 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions.

44. White Castle denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has made past and recent attempts to do business with White Castle on its website and mobile app and denies the remaining allegations in Paragraph 44 of the Complaint.

45. White Castle denies the allegations in Paragraph 45 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions and thought processes.

46. White Castle denies the allegations in Paragraph 46 of the Complaint.

47. White Castle denies the allegations in Paragraph 47 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions and thought processes.

48. White Castle denies the allegations in Paragraph 48 of the Complaint, except to deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's actions and thought processes.

49. White Castle denies the allegations in Paragraph 49 of the Complaint.

50. White Castle denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has made multiple attempts to use White

Castle's website and mobile app and regarding Plaintiff's knowledge and denies the remaining allegations in Paragraph 50 of the Complaint.

51. White Castle denies the allegations in Paragraph 51 and 51(a)-(c) of the Complaint.

52. White Castle denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle admits that Plaintiff has accurately quoted the ADA and denies the remaining allegations in Paragraph 53 of the Complaint.

54. White Castle denies the allegations in Paragraph 54 of the Complaint and that Plaintiff is entitled to the requested relief.

55. White Castle denies the allegations in Paragraph 55 of the Complaint and that Plaintiff is entitled to the requested relief in Paragraph 55 and 55(a)-(d).

56. White Castle denies that its website and mobile app are inaccessible and denies the remaining allegations in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

57. White Castle denies the allegations in Paragraph 57 of the Complaint.

58. White Castle denies the allegations in Paragraph 58 of the Complaint.

**COUNT I**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

59. White Castle re-alleges and re-incorporates its responses to the allegations in its answers to Paragraphs 1 through 58 of the Complaint, as if fully re-written here.

60. Paragraph 60 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle admits that Plaintiff has accurately quoted the cited section of the ADA.

61. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle admits the allegations in Paragraph 64 as accurately summarizing the cited section of the ADA.

65. Paragraph 65 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 65 of the Complaint because they do not accurately quote the cited section of the ADA.

66. White Castle denies the allegations in Paragraph 66 of the Complaint.

67. White Castle denies the allegations in Paragraph 67 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

68. White Castle denies the allegations in Paragraph 68 of the Complaint.

69. White Castle denies the allegations in Paragraph 69 of the Complaint.

70. White Castle denies the allegations in Paragraph 70 of the Complaint and that Plaintiff is entitled to the requested relief.

## COUNT II

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

71. White Castle re-alleges and re-incorporates its responses to the allegations in its answers to Paragraphs 1 through 70 of the Complaint, as if fully re-written here.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle admits that Plaintiff has accurately quoted the cited section of the ADA.

73. Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle admits the allegations in Paragraph 76 as accurately summarizing the cited section of the ADA.

77. Paragraph 77 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, White Castle denies the allegations in Paragraph 77 of the Complaint because they do not accurately quote the cited section of the ADA.

78. White Castle denies the allegations in Paragraph 78 of the Complaint.

79. White Castle denies the allegations in Paragraph 79 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

80. White Castle denies the allegations in Paragraph 80 of the Complaint.

81. White Castle denies the allegations in Paragraph 81 of the Complaint.

82. White Castle denies the allegations in Paragraph 82 of the Complaint and that Plaintiff is entitled to the requested relief.

## COUNT III

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, *ET SEQ.*

89.[1] White Castle re-alleges and re-incorporates its responses to the allegations in its answers to Paragraphs 1 through 82 of the Complaint, as if fully re-written here.

90. White Castle denies that it is systematically or otherwise violating the Unruh Civil Rights Act (UCRA), California Civil Code § 51, *et seq*. The remaining allegations in Paragraph 90 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, White Castle admits the remaining allegations in Paragraph 90 as accurately summarizing the cited section of the UCRA.

91. White Castle denies the allegations in Paragraph 91 of the Complaint.

92. White Castle denies the allegations in Paragraph 92 of the Complaint.

93. White Castle denies the allegations in Paragraph 93 of the Complaint.

---

[1] Plaintiff's Complaint skips Paragraphs 83-88, so for clarity, White Castle skipped Paragraphs 83-88 in its answer.

94. White Castle denies the allegations in Paragraph 94 of the Complaint and that Plaintiff is entitled to the requested relief.

95. White Castle denies the allegations in Paragraph 95 of the Complaint and that Plaintiff is entitled to the requested relief.

96. White Castle denies the allegations in Paragraph 96 of the Complaint and that Plaintiff is entitled to the requested relief.

## COUNT IV

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51, *ET SEQ.*

97. White Castle re-alleges and re-incorporates its responses to the allegations in its answers to Paragraphs 1 through 96 of the Complaint, as if fully re-written here.

98. White Castle denies that it is systematically or otherwise violating the Unruh Civil Rights Act, California Civil Code § 51, *et seq.* ("UCRA"). The remaining allegations in Paragraph 98 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, White Castle admits the remaining allegations in Paragraph 98 as accurately summarizing the cited section of the UCRA.

99. White Castle denies the allegations in Paragraph 99 of the Complaint.

100. White Castle denies the allegations in Paragraph 100 of the Complaint.

101. White Castle denies the allegations in Paragraph 101 of the Complaint.

102. White Castle denies the allegations in Paragraph 102 of the Complaint and that Plaintiff is entitled to the requested relief.

103. White Castle denies the allegations in Paragraph 103 of the Complaint and that Plaintiff is entitled to the requested relief.

104. White Castle denies the allegations in Paragraph 104 of the Complaint and that Plaintiff is entitled to the requested relief.

105. White Castle denies any allegations in the Complaint not expressly admitted herein.

## FIRST DEFENSE

106. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

107. Plaintiff's claims are barred, in whole or in part, where the removal of any alleged barriers is not readily achievable.

## THIRD DEFENSE

108. Plaintiff's claims are barred, in whole or in part, by a lack of standing to bring the claims alleged in the Complaint.

## FOURTH DEFENSE

109. Plaintiff's claims are barred, in whole or in part, by a failure to exhaust administrative remedies and/or failure to put White Castle on notice of which specific alterations to the website and/or mobile app were necessary.

## FIFTH DEFENSE

110. Due process bars Plaintiff from asserting claims based on the accessibility of websites and mobile apps where there are no legal standards for compliance.

## SIXTH DEFENSE

111. White Castle's website and mobile app are not public accommodations.

## SEVENTH DEFENSE

112. White Castle is not required to make its website and mobile app accessible where alternative accessible options are provided.

**EIGHTH DEFENSE**

113. White Castle's website and mobile app were usable and accessible despite their alleged noncompliance, and/or any noncompliance was *de minimis*.

**NINTH DEFENSE**

114. Full compliance with the cited standards identified in the Complaint is technically infeasible.

**TENTH DEFENSE**

115. Content on White Castle's website or mobile app is provided by a third party provider that White Castle does not control.

**ELEVENTH DEFENSE**

116. Plaintiff has sought remedies not available under Title III of the ADA or the UCRA.

**TWELFTH DEFENSE**

117. The UCRA does not apply to White Castle's website or mobile app because White Castle does not engage in any direct sales of the goods or services Plaintiff alleges that she attempted to purchase to any person in California.

**THIRTEENTH DEFENSE**

118. Plaintiff's claims are barred by the doctrine of unclean hands, as Plaintiff is a serial plaintiff.

**FOURTEENTH DEFENSE**

119. White Castle reserves the right to amend and/or supplement these affirmative defenses as appropriate.

**WHEREFORE**, White Castle respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims, dismiss those claims with prejudice, award its reasonable costs, expenses, and attorneys' fee incurred in having to respond to Plaintiff's claims, and award it any other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Jamie A. LaPlante
Jamie A. LaPlante, Trial Attorney (0082184)
Adam R. Bennett (0095565)
Porter, Wright, Morris & Arthur LLP
41 S. High Street, Suite 3000
Columbus, OH 43215-6194
Phone: (614) 227-2085
Fax: (614) 227-2100
Email: jlaplante@porterwright.com
Email: abennett@porterwright.com

*Attorneys for Defendant White Castle Management Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on November 10, 2017, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of filing will be performed by the Court's electronic filing system, and parties may access the documents through the electronic filing system.

                                                      */s/ Jamie A. LaPlante*
                                                      Jamie A. LaPlante

DMS/10638697v.1